**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No.:      3:17-cr-156-J-34MCR

TRAVIS DEMOND JOHNSON

_____/

**ORDER**

This case is before the Court on Defendant Travis Demond Johnson's "Emergency Motion for Compassionate Release." (Doc. 50, Motion). Johnson is a 40-year-old inmate incarcerated at Montgomery FPC, serving a 105-month term of imprisonment for the possession of a firearm by a convicted felon and two counts of distributing cocaine base. (Doc. 38, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on February 17, 2025. Johnson seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he has Type I diabetes.

The United States opposes the Motion because Johnson did not exhaust his administrative remedies, because Johnson has not demonstrated extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, because Johnson is a danger to the community, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 52, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

1

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[1] A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7,

---

[1] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**    **(A)** Extraordinary and compelling reasons warrant the reduction; or
>        **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

2

2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

Although the United States argues that Johnson failed to exhaust his administrative remedies, the record indicates that Johnson submitted a request for compassionate release to the warden of his facility on March 30, 2020. (Doc. 50-1, Inmate Request). Johnson filed the instant Motion on or around May 20, 2020, more than 30 days later. Thus, Johnson has satisfied § 3582(c)(1)(A)'s 30-day waiting period, such that he has exhausted his administrative remedies.

Nevertheless, Johnson has not established "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Johnson alleges that he has Type I diabetes, but he fails to provide any documents to support the allegation. The lack of evidence matters because a movant under § 3582(c) bears the burden of proving he is eligible for relief. Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337. But even assuming the truth of Johnson's claim, having Type I diabetes still does not qualify as an extraordinary and compelling reason for compassionate release. According to the Centers for Disease Control (CDC), having Type I diabetes *might* increase the risk for severe infection from coronavirus, but that is distinct from the medical conditions that the CDC confirms as increasing the risk for severe infection.[2] That Johnson has Type I diabetes is

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

3

also offset by certain factors: (1) Johnson is 40 years old; (2) Johnson reports that he receives insulin twice a day to control his diabetes (Doc. 50-1, Inmate Request); (3) the BOP is taking significant measures to respond to the Covid-19 pandemic; and (4) no inmate, and only a single staff member, is currently reported to be positive for Covid-19 at Montgomery FPC.[3] Taken together, Johnson has not shown that he suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, Johnson is not eligible for compassionate release because he is a danger to the public and because the sentencing factors under 18 U.S.C. § 3553(a) do not support early release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). The instant conviction was serious in and of itself: Johnson was convicted of possessing a firearm as a convicted felon, as well as two counts of distributing cocaine. Experience teaches that guns and drugs form a lethal combination. Additionally, Johnson was previously convicted of a long list of crimes, several of which were serious violent felonies. (Doc. 36, Presentence Investigation Report [PSR] at ¶¶ 34-51). The prior convictions included felony battery on a law enforcement officer, shooting into an occupied vehicle, and attempted second-degree murder. Id. at ¶¶ 43, 50. Moreover, Johnson has more than four years remaining on his 105-month term of imprisonment. In view of all the § 3553(a) factors, reducing Johnson's sentence by more than four years at this time would not be consistent with the statutory purposes of sentencing.

---

[3]   https://www.bop.gov/coronavirus/. The numbers are updated daily.

Accordingly, Defendant Travis Demond Johnson's "Emergency Motion for Compassionate Release" (Doc. 50) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[4] To the extent Johnson requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).